Beth Hayes
Montana Legal Services Association
1535 Liberty Lane Suite 110D
Missoula, MT 59802
Phone: 406-543-8343, ext. 202
Fax: 406-442-9817
bhayes@mtlsa.org

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JUANITA J. MCCLURE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING, LLC<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Juanita McClure, by and through her counsel of record, Beth Hayes of Montana Legal Services Association, and brings this cause of action for violations of the Fair Debt Collection Practices Act and the Montana Consumer Protection Act.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

## PARTIES

1. Plaintiff is a natural person residing in Cascade, Montana, and a consumer as defined by 15 U.S.C. §1692a(3).

2. Plaintiff allegedly owes a debt as defined by 15 U.S.C. §1692a(5).

3. Defendants are debt collectors that regularly collects or attempts to collect debts owed or due or asserted to be due another in Montana, with their principal place of business being in California.

4. Defendants are debt collectors as defined in 15 U.S.C. §1692a(6).

5. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

## JURISDICTION

6. This Court has jurisdiction pursuant to 28 U.S.C. §1331, because this dispute involves predominantly issues of federal law. Specifically, this Court has jurisdiction pursuant to 15 U.S.C. §1692k(d). Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Defendants are also liable to the Plaintiff pursuant to the laws of the State of Montana, which claims may be brought under the pendant jurisdiction of this Court.

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq..

## **VENUE**

8. Venue is proper in the United States District Court, District of Montana, Great Falls Division because a substantial part of the events or omissions giving rise to the claim occurred in the District of Montana, Great Falls Division. 28 U.S.C. §1391(b)(2); Local Rules 1.2(c)(5) and 3.2(b).

## **FACTS APPLICABLE TO ALL COUNTS**

9. Prior to April 30, 2010, Plaintiff Juanita McClure (hereinafter "Juanita") allegedly incurred an obligation to Chase Bank.

10. On or about April 30, 2010 said alleged obligation was assigned (or "charged-off") to Midland Funding LLC, or Midland Credit Management, Inc. (hereafter "Defendants").

11. On or about March 7, 2018, Defendants caused to be delivered to Juanita a collection letter in an attempt to collect the alleged debt. A copy of this letter is attached hereto as Exhibit A.

12. The March 7, 2018 letter offered Juanita a number of payment options, including one option to pay off the debt over 12 months, and

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

another option to pay the debt off at a lower payment over an unspecified number of months.

13. As of March 7, 2018, more than five years had passed since the last payment or activity on the Chase Bank debt.

14. Pursuant to Montana Code Annotated section 27-2-202(2), the statute of limitations is five years for filing suit to collect on an account not founded on an instrument in writing.

15. The March 7, 2018 letter states, "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau."

16. Pursuant to Montana Code Annotated section 27-2-409(1), a part payment of a debt is sufficient evidence to cause the relevant statute of limitations to begin running anew.

17. The Defendants failed to inform Juanita that should she choose one of the payment plans offered it may restart the statute of limitations, which would expose her to future litigation for the alleged debt.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

18. The Defendants also failed to inform Juanita that should the statute of limitations reset, the Defendants would have the right to commence immediate legal action, which otherwise have been time-barred.

19. The Defendants regularly send collection letters on time-barred debts, offering monthly installment plans in payment of the entire debt, without informing recipients that the statute of limitations may reset upon making the **first** monthly payment.

20. The Defendants regularly send collection letters seeking to collect debts, which are time-barred, that offer monthly payment plans in payment of the entire debt informing the consumer that he or she will not be sued due to the age of the debt; without also informing the consumer the first payment would allow the Defendants to commence immediate legal action, which otherwise would be barred by the statute of limitations.

21. The March 7, 2018 letter caused harm to Juanita, including but not limited to confusion and emotional distress as to whether or not she would be sued for the debt.

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

# COUNT I
## Violation of Fair Debt Collection Practices Act
## 15 U.S.C. §1692e *et seq.*

22. The preceding paragraphs 1-21 are realleged as though set forth in full hereunder.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

24. The alleged Chase Bank obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25. Defendants are "debt collectors" as defined by 15 U.S.C. §1692a(6).

26. The March 7, 2018 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

27. Defendants' debt collection efforts directed toward Juanita violated 15 U.S.C. §1692e.

28. Section 15 U.S.C. §1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

29. Through deceptive language and material omission, Defendants violated 15 U.S.C. §1692e by including several payment options in their March 7, 2018 dunning letter, while failing to state that any payment would revive the statute of limitations.

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

30. Defendants' omission regarding the time-barred status of the alleged debt, namely the omission that any payment would revive the statute of limitations and expose Plaintiff to instant suit on the debt, rendered Defendants' promises in the letter worthless, thereby violating Section 1692e of the FDCPA.

31. The conduct described herein amounts to at least the following specific violations of Section 1692e:

    a. Falsely representing the legal status of the debt in violation of 15 U.S.C. §1692e(2)(A);

    b. Using false representations and/or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10).

32. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
**Violation of Fair Debt Collection Practices Act**
**15 U.S.C. §1692f *et seq.***

33. The preceding paragraphs 1-32 are realleged as though set forth in full hereunder.

34. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

35. The alleged Chase Bank obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

36. Defendants are "debt collectors" as defined by 15 U.S.C. §1692a(6).

37. The March 7, 2018 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

38. Defendants' debt collection efforts directed toward Juanita violated 15 U.S.C. §1692f.

39. Section 15 U.S.C. §1692f states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

40. Through deceptive language and material omission, Defendants violated 15 U.S.C. §1692f by including several payment options in their March 7, 2018 dunning letter, while failing to state that any payment would revive the statute of limitations.

41. Defendants' omission regarding the time-barred status of the alleged debt, namely the omission that any payment would revive the statute of limitations and expose Plaintiff to instant suit on the debt, rendered Defendants' promises in the letter worthless, thereby violating Section 1692f of the FDCPA.

42. The conduct described herein amounts to unfair or unconscionable means to attempt to collect a debt, in violation of Section 1692f.

43. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATION OF THE MONTANA CONSUMER PROTECTION ACT

44. The preceding paragraphs 1-43 are realleged as though set forth in full hereunder.

45. The Montana Consumer Protection Act (MCPA), Mont. Code Ann. §§ 30-14-101 et seq., prohibits unfair and/or deceptive acts or practices. Mont. Code Ann. § 30-14-103.

46. Plaintiff is a consumer, pursuant to Mont. Code Ann. § 30-14-102(1).

47. Defendants were engaged in "trade or commerce," pursuant to Mont. Code Ann. § 30-14-102(8).

48. Plaintiff suffered an ascertainable loss of money or property, mental anguish and emotional distress.

49. Defendants are liable for Plaintiff's actual or statutory damages, treble damages, and attorney's fees pursuant to Mont. Code Ann. § 30-14-133.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Juanita McClure prays for the following relief:

50. All actual damages, statutory damages, pursuant to 15 U.S.C. §1692k and Mont. Code Ann. §30-14-133;

51. Attorneys' fees and costs, pursuant to 15 U.S.C. §1692k, Mont. Code Ann. § 30-14-133, and any other exception to the American Rule supported by law or equity;

52. Treble damages pursuant to Mont. Code Ann. § 30-14-133;

53. Such other and further relief as the Court deems just and proper.

Dated this 6th day of March, 2019.

/s/ Beth Hayes
Beth Hayes
Montana Legal Services Association
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38, Plaintiff demands a trial by jury of all issues so triable.

Dated this 6th day of March, 2019.

/s/ Beth Hayes
Beth Hayes
Montana Legal Services Association
Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL - 11